IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS, #05711-068**                                                **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 5:07-cv-226-DCB-MTP**

**UNKNOWN WILLIAMS, CONSTANCE REESE,**
**UNKNOWN HOLSTON, UNKNOWN CMC,**
**EDEN WHITE, CHRISTOPHER CURRY,**
**GERALD BRATCHER AND MILDRED GREER**                  **DEFENDANTS**

## ORDER

This cause is before the Court on Plaintiff's motion for reconsideration [5] filed January 18, 2008 and his supplemental addition to complaint [4] filed January 9, 2008. Having considered the issues raised in the motion and supplemental addition, the Court finds that the motion is not well taken and should be denied.

On December 17, 2007, the Plaintiff filed this complaint. On January 4, 2008, an order was entered denying Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)'s "three-strikes rule." Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This Court found that the Plaintiff had on at least four occasions "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." The order directed the Plaintiff to pay the $350.00 filing fee within thirty days of the date of the order.

Liberally construing the motion at bar, the Plaintiff argues for the first time that his

complaint falls within the three-strikes exception of § 1915 (g), "imminent danger of serious physical injury." Plaintiff's motion states that "during the time of the allegations of the complaint" [4 at p. 1] he was in imminent danger of serious physical injury because he had been hit on the foot with a clip board by a guard while he was meditating and he was also being threatened for practicing his religion. Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statue leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. *Id.* "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Having reviewed the allegations in the Plaintiff's original complaint filed December 17, 2007, the Court finds no assertions which indicate that the Plaintiff was facing "impending" serious physical harm at the time of filing this complaint. Only after the January 4, 2008 order was filed did the Plaintiff state that he was facing "imminent danger". [4 at p. 1] The Court finds Plaintiff's allegations regarding being hit on the foot with a clip board while meditating and further that he is constantly being threatened for practicing his religion insufficient to meet the threshold requirement of imminent danger of serious physical injury. *See Bankhead v. King,* No. 03-142, 2003 WL 21529822, at *3 (N.D. Tex July 7, 2003) (allegations that prison guards used

excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, and that these actions were in part racially motivated failed to establish imminent danger of serious physical injury).

Furthermore, the Plaintiff's use of the phrase imminent danger in his motion is simply an effort to craft his pleadings in a manner which would circumvent the § 1915(g) bar.  In sum, the Plaintiff's complaint fails to establish that he was under imminent danger of serious physical injury at the time of filing this complaint.  *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir.1998); *Choyce v. Domiguez*, 160 F.3d 1068 (5th Cir.1998).  Accordingly,

IT IS ORDERED that Plaintiff's motion to reconsider [5] is hereby **denied.**

IT IS FURTHER ORDERED that Plaintiff has **until and including February 15, 2008** to pay the required filing fee of $350.00 or this action will be dismissed, without further written notice to the plaintiff.

SO ORDERED this the  21st   day of February, 2008.


      s/ David Bramlette
    UNITED STATES DISTRICT JUDGE