IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS, #05711-068**                                                                  **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 5:07-cv-226-DCB-MTP**

**UNKNOWN WILLIAMS, CONSTANCE REESE,**
**UNKNOWN HOLSTON, UNKNOWN CMC,**
**EDEN WHITE, CHRISTOPHER CURRY,**
**GERALD BRATCHER AND MILDRED GREER**                                         **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This cause comes before this Court *sua sponte* for consideration of dismissal. On January 4, 2008, an order was entered denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)[1] and requiring Plaintiff to pay the full filing fee, within thirty days. The Plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice.

On January 18, 2008, Plaintiff filed a motion for reconsideration [5] of the Court's order denying Plaintiff's request to proceed *in forma pauperis*. On February 22, 2008, this Court denied Plaintiff's motion for reconsideration and directed the Plaintiff to pay the filing fee. On March 3, 2008, Plaintiff filed a motion to vacate [8] this Court's order denying his motion for reconsideration. On March 12, 2008, this Court entered an order denying Plaintiff's motion to vacate [8] and directing the Plaintiff to pay the filing fee within ten days. The Plaintiff was

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

explicitly warned that if the Court did not receive payment of the filing fee for this case, within ten days, this case would be dismissed, without further notice to the Plaintiff. The Plaintiff has failed to pay the filing fee. Since the Plaintiff has failed to pay the filing fee, thereby failing to comply with the Court's orders of January 4, 2008, February 22, 2008 and March 12, 2008, this case will be dismissed.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with three court orders. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall

be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    This the  30th  day of April, 2008.

                                        s/ David Bramlette
                            UNITED STATES DISTRICT JUDGE